IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HAROLD AND MATTIE HUNTER,

    Plaintiffs,

                            No. 1:16-cv-1038-JDB-egb

vs.

WELLS FARGO BANK ASSOCIATION as
TRUSTEE for SECURITIES ASSET BACKED
RECEIVABLE LLC 2004-DO2,
SELECT PORTFOLIO SERVICING,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. aka MERSCORP HOLDINGS,

    Defendants.

## REPORT AND RECOMMENDATION

On February 23, 2016, the *Pro Se* Plaintiffs filed this Complaint,
setting forth two counts and myriad legal theories. The Defendants
are Wells Fargo Bank Association, Select Portfolio Servicing, and
Mortgage Electronic Registration Systems, Inc. On April 21, 2016, the
undersigned granted Plaintiffs *in forma pauperis* status.

This case has been referred to the United States Magistrate Judge
for management and for all pretrial matters for determination and/or
report and recommendation as appropriate. (Admin. Order 2013-05,
April 29, 2013.)

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65

n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed

for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827. Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), reh'g denied (Jan. 19, 1990); see also Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

The Complaint [D.E. 1] of Plaintiffs Harold and Mattie Hunter state that they secured a mortgage instrument with Decision One Mortgage Co. LLC to refinance their loan on their property located at 12216 Highway 76 South in Stanton, Haywood County, Tennessee. During the 2006 housing market downturn, Plaintiffs unsuccessfully tried to refinance their home and/or modify their loan. They allege that while current on their payments, they sought a loan modification from Wells Fargo, whom they state "would request the same documents intentionally allowing the Plaintiffs to go further into default." Plaintiffs then allege that the Defendants committed fraud/identify theft by selling their loan "on Walls Street Trading Platform for gold, silver and currency the Plaintiffs wasn't aware of these actions at the time of the closing." The Plaintiffs seek $250,000 in relief for damages and punitive damages. Plaintiffs also claim that Wells Fargo has been biased against African-American and Hispanic customers, but nowhere in their pleadings do the Plaintiffs state they are of that affected class[1].

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the standards under

---

1 Plaintiffs do attach an affidavit from "Sonya Davis" a "Housing counselor," who states that "Because we are talking about African-American homeowners they would seek full penalty of the law. (Just being real)" The Court takes notice of the affidavit.

Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and alteration omitted). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] A complaint violates these

---

[2] See also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").

provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, ___ F. App'x ___, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims), cert. denied, 502 U.S. 958, 112 S. Ct. 418, 116 L. Ed. 2d 438 (1991); Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that

understanding.") (citations omitted); <u>Michaelis v. Neb. State Bar</u> <u>Ass'n</u>, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible"); <u>Gordon</u> <u>v. Green</u>, 602 F.2d 743, 744-45 (5th Cir. 1979) (4000-page pleading, comprised of "various complaints, amendments, amended amendments, amendments to amended amendments, and other related papers," did not comply with Rule 8(a) "as a matter of law"); <u>Windsor v. A Fed. Exec.</u> <u>Agency</u>, 614 F. Supp. 1255 (M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8 because a 47-page complaint is not required to state a simple claim and because the complaint "is confusing and distracting"), *aff'd mem*, ___ F. App'x ___, 1985 WL 13427 (6th Cir. June 27, 2005) (per curiam).

Federal courts have not hesitated to dismiss lawsuits by <u>pro</u> <u>se</u> litigants challenging foreclosures on this basis. For example, one district court in this circuit recently stated as follows:

> Even under the lenient standards governing *pro se* pleadings, Plaintiff's complaint in this case is an incomprehensible grab-bag of disjointed references to various statutes, treaties, legal doctrines, judicial rulings, and the like. Similarly, Plaintiff has eschewed any sort of straightforward response to Defendants' motions, and instead has submitted over 70 pages of documents bearing such captions as "affidavit of fact," "writ in the nature of discovery," and "legal notice of removal." The Court appreciates that the legal system can be difficult for a layperson to navigate, but the rules of pleading are designed to facilitate access to the courts

by *pro se* litigants without the need for specialized legal training or expertise, requiring only a "short and plain statement" of the grounds for relief. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff has made no effort to satisfy this standard, but instead appears intent on obscuring the nature of and factual basis for his claims in this case. Moreover, he cites a litany of state and federal laws — *e.g.*, criminal statutes that do not confer a private right of action — without any attempt to allege facts that might forge a link between these laws and a viable cause of action.

Under this record, no amount of liberal construction of Plaintiff's *pro se* submissions can rescue this suit from dismissal. While it is evident that Plaintiff is dissatisfied with the outcome of the state court tax foreclosure and landlord/tenant proceedings, it is far less clear how he proposes to forge a link between this dissatisfaction and a viable cause of action that lies within this Court's subject matter jurisdiction. Instead, for the reasons identified in Defendants' motions and discussed above, the Court finds that Plaintiff's complaint must be dismissed.

Nassar El v. Smith, No. 11-11957, 2012 WL 313985, at *3 (E.D. Mich. Jan. 31, 2012); *see also* Samples v. Bank of Am., N.A., No. 3:12-CV-44, 2012 WL 1309135, at *3 (E.D. Tenn. Apr. 16, 2012) (dismissing complaint under Rules 8(a) and 12(b)(6) where "[t]he specific factual allegations of the complaint consist of, at most, two sentences relating to the Property and the origination of plaintiff's loan" and the remainder of the complaint addresses "the mortgage industry, mortgage-backed securities, and allegations of misconduct against the mortgage industry and its processes as a whole" with no discussion of the allegedly wrongful conduct of BANA and its impact on

plaintiffs); <u>Bajwa v. John Adams Mortg. Co.</u>, No. 11-CV-12183-DT, 2011 WL 6009266, at *6 (E.D. Mich. Nov. 30, 2011) (dismissing certain claims in action challenging a foreclosure as incomprehensible); <u>Smith v. MERS</u>, No. 10-125008, 2011 WL 4469148, at *3-4 (E.D. Mich. Aug. 4, 2011) (report and recommendation), <u>adopted</u>, 2011 WL 4479481 (E.D. Mich. Sept. 27, 2011); <u>Sherman v. Saxon Mortg. Servs., Inc.</u>, No. 10-2282-STA-tmp, 2010 WL 2465459, at *5 (W.D. Tenn. June 14, 2010) (dismissing <u>pro se</u> complaint for numerous reasons, including failure to comply with Rule 8(a)).

## **ANALYSIS**

Here, Plaintiffs' Complaint is vague and difficult to decipher, but as previously discussed, appears to center around a mortgage obtained on June 14, 2004, a foreclosure sale dated December 13, 2007, a reinstatement and later a loan modification dated April 1, 2013, which they allege was a "discriminating, predatory rate."

Plaintiffs' Count One: Promissory Note is incomprehensible; it references the U.C.C., the Freedom of Information Act, the Dodd-Frank Act, and is an indecipherable stew of legal terminology and case law. Accordingly, the Magistrate Judge recommends dismissal of this claim.

Plaintiffs' Count Two: Fraud/Identity Theft complains that "[a]fter the signing of Plaintiffs mortgage contract the loan was sold on Walls Street Trading Platform for gold, silver and currency

the Plaintiffs wasn't [sic] aware of these actions at the time of the closing." They go on to complain that "[u]pon default the Defendants never offer the Plaintiffs one dollar or piece of gold or silver for this unlawful act of 'identity theft' which means 'FRAUD.' Similar to count one, count two references myriad code sections. Plaintiffs cite to, *inter alia*, 18 USC 1012, sections of the Tennessee Code, the Patriot Act, the Gramm-Leach-Bliley Act, and the 14th Amendment. Like the Plaintiff in <u>Nassar El</u>, Plaintiffs have made no effort to satisfy the Rule 8 standard and the Magistrate Judge recommends dismissal of this claim.

## Conclusion

Because Plaintiffs' Complaint is incomprehensible and violates Rule 8 of the Federal Rules of Civil Procedure, the Magistrate Judge recommends its dismissal.

Respectfully Submitted this 2nd day of November, 2016.

<u>**s/Edward G. Bryant**</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**