IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HAROLD HUNTER and
MATTIE HUNTER,

      Plaintiffs,

v.                                 No. 16-1038

WELLS FARGO BANK ASSOCIATION,
*et al.*,

      Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On February 25, 2016, Plaintiffs, Harold and Mattie Hunter, *pro se* litigants, initiated suit

against Defendants, Wells Fargo Bank Association, Select Portfolio Servicing, and Mortgage

Electronic Registration Systems, Inc., alleging that they "abused the Judicial System with

predatory lending and scheming practice" in connection with Plaintiffs' home foreclosure.

(Docket Entry ("D.E.") 1 at 1.)  Plaintiffs requested damages of $250,000, "a clear title to the

property," and punitive damages.  (*Id.*)  Administrative Order 2013-05, effective April 29, 2013,

provides that

> all pending and future cases filed by *pro se* non-prisoner plaintiffs are hereby referred to
> the assigned magistrate judge for management of pretrial matters. . . . [T]he assigned
> Magistrate Judges shall manage these cases for all pretrial matters within the Magistrate
> Judges' jurisdiction for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and all other
> pretrial matters for proposed findings and recommendation pursuant to  28 U.S.C.
> § 636(b)(1)(B).

Accordingly, the case was referred to United States Magistrate Judge Edward Bryant for management and for all pretrial matters for determination and/or report and recommendation ("R&R") as appropriate. (*See* D.E., Feb. 26, 2016.)

On November 2, 2016, Judge Bryant issued his report, recommending dismissal of the case. (D.E. 6 at 11.) Applying the appropriate standards under Federal Rules of Civil Procedure 8 and 12(b)(6), he found that "Plaintiffs' Complaint is incomprehensible and violates Rule 8 . . . ." *Id.* He also observed that "[f]ederal courts have not hesitated to dismiss lawsuits by pro se litigants challenging foreclosures on this basis." *Id.* at 8 (collecting authority). While noting that *pro se* complaints are to be construed liberally by the courts, the Magistrate Judge concluded that he could not identify a valid claim amid Plaintiffs' "indecipherable stew of legal terminology and case law." *Id.* at 10; *see id.* at 9 (quoting *Nassar El v. Smith*, No. 11-11957, 2012 WL 313985, at *3 (E.D. Mich. Jan. 31, 2012) ("Under this record, no amount of liberal construction of Plaintiff's *pro se* submissions can rescue this suit from dismissal.")). Accordingly, he recommended that the case be dismissed. (D.E. 6 at 11.)

A district court exercises de novo review on reports and recommendations regarding dispositive motions, including dismissal for failure to state a claim upon which relief can be granted. *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001). *See* 28 U.S.C. § 636. On November 10, 2016, Plaintiffs filed a timely objection to the report and recommendation. (D.E. 7.) It does not contain specific objections to the content of the R&R, but rather restates portions of the arguments in Plaintiffs' complaint and emphasizes their lack of legal knowledge in an attempt to excuse its deficiencies. (*Id.* at 1.) The objection is not well-taken and does not change the Court's view that the Magistrate Judge's R&R is correct. Plaintiffs also ask the Court

"to appoint [them] an attorney and amend [their] complaint so [they] can be in full compliance with Fed Civ. Rule [sic] 8." (*Id.* at 2.) That request is DENIED.

Upon a de novo review of the report and finding that the Magistrate Judge's recommendation should not be rejected or modified, the R&R is hereby ADOPTED in its entirety. Plaintiffs' objection to the R&R is OVERRULED and final judgment shall be entered in Defendants' favor.

IT IS SO ORDERED this 23rd day of November, 2016.

s/ J. DANIEL BREEN_____
CHIEF UNITED STATES DISTRICT JUDGE